UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BLUESCOPE STEEL, LTD., BLUESCOPE STEEL AMERICAS INC., NORTH STAR BLUESCOPE STEEL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 22-00353 |

# COMPLAINT

Plaintiffs, BlueScope Steel, Ltd., BlueScope Steel Americas Inc., and North Star BlueScope Steel LLC (collectively "BlueScope" or "Plaintiffs") by and through their counsel, state the following claims against Defendant, the United States:

1.  Plaintiffs seek judicial review of the U.S. International Trade Commission's ("USITC") affirmative determination with respect to Australia in the five-year sunset reviews of the antidumping duty ("AD") orders on hot-rolled steel from Australia, Japan, Netherlands, Russia, the Republic of Korea, Turkey, and the United Kingdom and countervailing duty ("CVD") order on Brazil and the Republic of Korea. *See Hot-Rolled Steel from Australia, Brazil, Japan, Korea, Netherlands, Russia, Turkey, and the United Kingdom,* 87 Fed. Reg. 74,167 (Int'l Trade Comm'n Dec. 2, 2022); *see also Hot-Rolled Steel from Australia, Brazil, Japan, Korea, Netherlands, Russia, Turkey, and the United Kingdom* Inv. Nos. 701-TA-545-546 and 731-TA-1291-1297 (Review)

and 731-TA-808 (Fourth Review), USITC Pub. 5380 (Nov. 2022) ("Views and Final Report").

## JURISDICTIONAL STATEMENT

2. The Court has jurisdiction over this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii) to review a final affirmative determination made by the USITC under 19 U.S.C. § 1675(c). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

3. Plaintiff BlueScope Steel, Ltd., is a foreign producer and exporter of the subject merchandise. Plaintiff BlueScope Steel Americas Inc. is a U.S. importer of the subject merchandise. Plaintiff North Star BlueScope Steel LLC is a U.S. producer of the domestic like product. Plaintiffs are, therefore, interested parties as defined 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A), (C). Plaintiffs fully participated in the proceeding being challenged. Accordingly, Plaintiffs have standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. The USITC published its affirmative final determination in the Federal Register on December 2, 2022. *See Hot-Rolled Steel from Australia, Brazil, Japan, Korea, Netherlands, Russia, Turkey, and the United Kingdom,* 87 Fed. Reg. 74,167 (Int'l Trade Comm'n Dec. 2, 2022). Plaintiffs commenced this action within the time period specified in 19 U.S.C. § 1516a(a)(2)(A)(i) and 28 U.S.C. § 2636(c) by filing a summons on December 29, 2022, which is within 30 days of the publication in the Federal Register

of the Commission's final determination for Australia. This complaint is being filed within 30 days after the filing of the summons. The summons and complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2) and Rules 3(a)(2) and 6(a) of the Court of International Trade.

## STATEMENT OF FACTS

5. On September 1, 2021, the USITC instituted the five-year reviews of the orders to determine whether revocation of the orders on imports of hot-rolled steel flat products from Australia, Brazil, Japan, the Republic of Korea, the Netherlands, the Republic of Turkey, and the United Kingdom would be likely to lead to continuation or recurrence of material injury to an industry in the United States within a reasonably foreseeable time. *See Hot-Rolled Steel Flat Products From Australia, Brazil, Japan, Korea, the Netherlands, Russia, Turkey, and the United Kingdom; Institution of Five-Year Reviews*, 86 Fed. Reg. 49,057 (Int'l Trade Comm'n Sep. 1, 2021).

6. The USITC determined on December 6, 2021 that it would conduct full reviews based on the submissions submitted by the parties. See *Notice of Commission Determination To Conduct Full Five-Year Reviews; Hot-Rolled Steel Flat Products From Australia, Brazil, Japan, Korea, the Netherlands, Russia, Turkey, and the United Kingdom,* 87 Fed. Reg. 3,123 (Int'l Trade Comm'n Jan. 20, 2022).

7. Based on the information received from the questionnaires, and other information on the record, the USITC Staff issued its pre-hearing report on August 31, 2022. Thereafter, interested parties submitted their pre-hearing briefs. A public hearing was held on September 15, 2022, followed by the submission of the parties' post-hearing

briefs on September 26, 2022. The interested parties submitted final comments on October 18, 2022. *See Hot-Rolled Steel Flat Products From Australia, Brazil, Japan, Korea, Netherlands, Russia, Turkey, and the United Kingdom; Scheduling of Full Five-Year Reviews*, 87 Fed. Reg. 36,343 (Int'l Trade Comm'n Jun. 16, 2022).

      8.      On November 25, 2022, the USITC rendered its conclusion that revocation of AD orders on imports of hot-rolled steel flat products from Australia, Japan, the Republic of Korea, the Netherlands, Turkey, and the United Kingdom and the CVD order on the Republic of Korea would be likely to lead to continuation or recurrence of material injury to an industry in the United States within a reasonably foreseeable time. The USITC determination was published in the Federal Register on December 2, 2022.  *See Hot-Rolled Steel from Australia, Brazil, Japan, Korea, Netherlands, Russia, Turkey, and the United Kingdom,* 87 Fed. Reg. 74,167 (Int'l Trade Comm'n Dec. 2, 2022). The USITC determined that revocation of the AD and CVD orders on hot-rolled steel from Brazil was not be likely to lead to continuation or recurrence of material injury to an industry in the United States within a reasonably foreseeable time. *Id.* The written views of the USITC, which include the USITC's rationale for its affirmative injury determination, are set forth in the USITC's report. *See* Views and Final Report.

## STATEMENT OF CLAIMS

**Count One:**      The USITC adopted an unlawful interpretation of "likely" that was contrary to the statute

9.      Plaintiffs herby re-allege and incorporate by reference paragraphs 1 through 8.

10.      Under the governing statutory provisions, the USITC was required to render a determination as to "whether revocation of the {Australia hot-rolled AD} order . . . would be likely to lead to continuation or recurrence of material injury {by the domestic industry} within a reasonably foreseeable time." 19 U.S.C. § 1675a(a)(1). In rendering this determination, this same statutory provision requires that the USITC "shall consider the <u>likely</u> volume, price effect and impact" of imports. *Id (*emphasis added).

11.      "Likely" means what is probably going to occur in the future – what is more likely than not to occur. *See Siderca, S.A.I.C. v. United States*, 29 CIT 572, 574, 374 F. Supp. 2d 1285, 1288 (2005) ("{v}arious opinions of the Court have held that the term 'likely' should be interpreted to mean 'probable,' or, to put it another way, 'more likely than not.'"). Moreover, the statute requires that the USITC's determination be supported by substantial evidence. 19 U.S.C. § 1516a(b). And so, these two statutory provisions require that the USITC's conclusions about what is "likely" need to be grounded in the record. There must be record evidence that certain situations are more likely than not to occur, and those inferences about the future likely situation must be grounded in that record evidence.

12. In the underlying hot-rolled sunset review proceeding, the USITC did not adhere to these statutory requirements. Rather, with respect to several different subsidiary conclusions, the USITC did not analyze whether a particular event was "likely" and failed to demonstrate that its conclusion about likelihood was supported by substantial evidence. Accordingly, the USITC's conclusion was contrary to the statute and therefore unlawful.

**Count Two:    The USITC's Conclusion That Subject Imports From Australia Should be Cumulated with Other Subject Countries Was Not Supported by Substantial Evidence and Is Otherwise Not In Accordance With Law**

13. Plaintiffs herby re-allege and incorporate by reference paragraphs 1 through 12.

14. Pursuant to 19 U.S.C. § 1675a(a)(7), the USITC has the discretion not to cumulate subject imports that compete under distinct conditions of competition. Indeed, the underlying statutory provision requires that the USITC "shall not cumulatively asses the volume and effects of the subject merchandise in a case in which it determines that such imports are likely to have no discernible adverse impact on the domestic industry." *Id*. This provision also explicitly incorporates the "likely" standard for such a determination to cumulate.

15. Moreover, under long-standing past USITC practice, the USITC will decline to cumulate imports from a particular subject country whenever the evidentiary record indicates that the conditions of competition under which the particular country will

participate in the U.S. market are so different from the other subject countries that it should be examined separately.

16.     In the underlying proceeding, the evidentiary record demonstrated the following:

- Unlike most other subject producers, BlueScope was the sole hot-rolled producer from its subject country;

- Unlike other subject producers, after the AD Orders were imposed, BlueScope undertook very large-scale investments in its U.S.-based production factory, North Star BlueScope Steel LLC, that made its economic incentives the same as other U.S. producers;

- Unlike other subject producers, BlueScope derived most of its global profits from its U.S. hot-rolled production;

- Unlike other subject producers, BlueScope undertook changes in its and North Star's management structure in order to provide more discipline over decisions whether and how to sell hot-rolled steel I the U.S. market; and

- Unlike other subject producers, BlueScope's existing contractual obligations to its affiliate customer, Steelscape, absorbed most of its available capacity, and thereby leaving no volume for the merchant market.

17.     In its determination the USITC either ignored substantial evidence regarding whether Australian imports of hot-rolled steel would likely compete in the domestic market under distinct conditions of competition, or completely failed to articulate why the contrary evidence should be dismissed.  As such the USITC's conclusion regarding whether to cumulate imports from Australia with the other subject countries for the purpose of its broader analysis was not supported by substantial evidence and is otherwise not in accordance with law.

**Count Three:        The USITC's Conclusion That Revocation of the Australia AD Order Would be Likely to Lead to Continuation or Recurrence of Material Injury to an Industry in the United States Within a Reasonably Foreseeable Time Is Not Supported by Substantial Evidence and Is Otherwise Not In Accordance With Law**

18.     Plaintiffs herby re-allege and incorporate by reference paragraphs 1 through 17.

19.     Pursuant to 19 U.S.C. § 1675a(a), when making a determination on the likely continuation or recurrence of material injury to the domestic industry, the USITC shall take into account prior injury determinations, any improvement in the state of the industry, and whether the industry is vulnerable to material injury if the order is revoked. Additionally, the Commission must consider the likely volume, price effects, and impact of imports of the subject merchandise on the industry if the orders are revoked. These provisions also explicitly incorporate the "likely" standard for such a determination about future effects.

20.     The USITC's analysis under those provisions was flawed because the USITC either ignored substantial evidence or completely failed to articulate why the contrary evidence should be dismissed. Specifically, the USITC failed to address adequately important evidentiary issues related to, *inter alia*, capacity limitations at BlueScope's Australian facility, lack of incentives to divert shipments to the United States market, pricing data demonstrating that an adverse effect was unlikely, and that it was unlikely that there would be an adverse impact on the domestic industry if the AD

- 9 -

order on Australia were revoked. As such USITC's analysis is unsupported by substantial evidence and otherwise not in accordance with law.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court enter judgment as follows:

(A)     Enter judgment in favor of Plaintiffs;

(B)     Hold as unlawful the USITC's final injury determination that is the subject of this Complaint,

(C)     Remand this proceeding the USITC with instructions to publish revised final injury determination in conformity with the Court's decision; and

(D)     Grant Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James P. Durling
James C. Beaty
Ana M. Amador Gil

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-452-7340

*Counsel for Plaintiffs*

Dated: January 13, 2023

## UNITED STATES COURT OF INTERNATIONAL TRADE

**BlueScope Steel, Ltd., BlueScope Steel Americas Inc., North Star BlueScope Steel LLC, v. United States**

**Court No. 22-00353**

I hereby certify that the foregoing Complaint will be served on this 13th day of January, 2023, by U.S. certified mail return receipt requested, on the following parties:

*On behalf of the United States of America:*

Attorney General of the United States
Attorney-in-Charge
International Trade Field Office
**U.S. DEPARTMENT OF JUSTICE**
Civil Division
26 Federal Plaza
Room 346, Third Floor
New York, NY 10278

Supervisory Attorney
Civil Division
Commercial Litigation Branch
**U.S. DEPARTMENT OF JUSTICE**
1100 L Street, N.W.
Room 12124
Washington, DC 20530

*On behalf of the U.S. International Trade Commission :*

The Honorable Lisa R. Barton.
Secretary
**U.S. INTERNATIONAL TRADE COMMISSION**
500 E Street, S.W.
Washington, DC 20436

*On behalf of Nucor Corporation*

Alan H. Price, Esq.
**WILEY REIN LLP**
2050 M Steet, NW
Washington, DC  20006

*On behalf of Cleveland-Cliffs Inc.*

Stephen P. Vaughn, Esq.
**KING & SPALDING**
1700 Pennsylvania Avenue, NW
Washington, DC 20006

*On behalf of Steel Dynamics, Inc., and SSAB Enterprises LLC*

Roger B. Schagrin, Esq.
**SCHAGRIN ASSOCIATES**
900-7th Street, N.W.
Suite 500
Washington, DC  20001

*On behalf of United States Steel Corporation; United Steel, Paper and Forestry, Rubber, et al., Allied Industrial and Service Workers International Union, AFL-CIO*

Thomas M. Beline, Esq.
**CASSIDY LEVY KENT (USA) LLP**
900 19th Street NW
Fourth Floor
Washington, DC 20006

*On behalf of JFE Steel Corporation and Kobe Steel Ltd., and Nippon Steel Corporation*

Shawn M. Higgins, Esq.
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005

*On behalf of Tata Steel Ijmuiden BV and Tata Steel UK Ltd.*

Thomas J. Trendl, Esq.
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue, N.W.
Washington, DC  20036

*On behalf of Eregli Celik Fabrikalari T.A.S.*

David L. Simon, Lead Attorney
**LAW OFFICES OF DAVID L. SIMON**
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036

*On behalf of Usinas Siderurgicas de Minas Gerais S.A.*

Chunlian (Lian) Yang, Esq.
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004

*On behalf of Companhia Siderurgical Nacional SA and Companhia Siderurgical Nacional LLC*

Craig A. Lewis, Esq.
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

*On behalf of the Government of the Republic of Turkey*

Ahmet Erkan Centinkayis
Acting Director General
**T.C. TICARET BAKANLIGI**
Sogutozu Mah. 2176. SK. No; 63 06530
Cankaya, Ankara, Turkey

*On behalf of POSCO and POSCO International Corporation*

Jarrod M. Goldfeder, Esq.
**TRADE PACIFIC PLLC**
700 Pennsylvania Ave., SE
Suite 500
Washington, DC 20003

*On behalf of Algoma Steel USA Inc.:*

Kristin H. Mowry, Esq,
**MOWRY & GRIMSON, PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

*On behalf of ArcelorMittal North America*

Kathleen W. Cannon, Esq.
**KELLEY DRYE & WARREN LLP**
Washington Harbour
Suite 400
3050 K Street, NW
Washington, DC 20007

*On behalf of the Government of Korea*

Brady W. Mills, Esq.
**MORRIS, MANNING & MARTIN LLP**
1401 Eye Street NW
Suite 600
Washington, DC 20005

/s/ Daniel L. Porter

Daniel L. Porter
**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
1717 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Tel. (202) 452-7373

January 13, 2023