UNITED STATES COURT OF INTERNATIONAL TRADE
Before: The Honorable Gary S. Katzmann, Judge

| | |
|---|---|
| BLUESCOPE STEEL, LTD., BLUESCOPE STEEL AMERICAS INC., and NORTH STAR BLUESCOPE STEEL LLC,<br><br>         **Plaintiffs,**<br><br>  v.<br><br>UNITED STATES,<br><br>          **Defendant.**<br><br>  and<br><br>CLEVELAND-CLIFFS INC., STEEL DYNAMICS, INC., SSAB ENTERPRISES, LLC., NUCOR CORPORATION, UNITED STATES STEEL CORPORATION<br><br>        **Defendant-Intervenors.** | Court No. 22-00353 |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE

  Defendant U.S. International Trade Commission respectfully responds to the motion to consolidate three appeals (Ct. Nos. 22-351, 22-353, and 22-355) filed by Plaintiffs BlueScope Steel, Ltd., BlueScope Steel Americas Inc., and North Star BlueScope Steel LLC (collectively "BlueScope"). *See* BlueScope's Motion to Consolidate ("Motion"), Ct. No. 22-353, ECF No. 35. As stated in the joint status report filed in this case (Ct. No. 22-353) ("Australia Case"), Defendant supports consolidation of this case challenging the Commission's affirmative injury determination with respect to imports from Australia with the case challenging the Commission's affirmative injury determination with respect to imports from Turkey, *Eregli Demir ve Celik Fabrikalari T.A.S. v. ITC* (Ct. No. 22-351) ("Turkey Case"). *See* Joint Status Report, Ct. No. 22-353, ECF No. 32.

Defendant, however, opposes consolidation of the appeal challenging the Commission's negative injury determination with respect to Brazil, *Cleveland-Cliffs Inc. v. United States*, Ct. No. 22-00355 ("Brazil Case'), with the other two cases.  There are no overlapping issues in the cases, consolidation would complicate briefing as well as the Court's review of the determinations, and *all* parties to the Brazil case oppose consolidation of that case with the other cases.  To emphasize, BlueScope is not even a party to the Brazil Case, which it seeks to consolidate notwithstanding opposition from all of the actual parties to that case.

## ARGUMENT

I.   **Legal Standard**

Pursuant to Rule 42(a), the Court may grant consolidation of cases "involv[ing] a common question of law or fact . . . to avoid unnecessary cost or delay." USCIT R. 42(a). The Court retains "'broad discretion to grant or deny' the request." *RHI Refractories Liaoning Co. v. United States*, 35 CIT 407, 409, 774 F. Supp. 2d 1280, 1283 (2011) (citing *Fed.-Mogul Corp. v. United States*, 16 CIT 964, 966, 809 F. Supp. 102, 105 (1992)).

Consolidation "is appropriate if there are common questions of law or fact, if it will promote economy of resources, and if it will avoid inconsistent results, inconvenience, unnecessary expense, or delay." *United States v. Sweet Little Mex. Corp.*, 35 CIT 353, 355 (2011) (citing *Brother Indus., Ltd. v. United States*, 1 CIT 102 (1980); *H.E. Lauffer Co., Inc. v. United States*, 81 Cust. Ct. 165 (1978)).  The chief factor in a court's consideration of when two cases involve common legal or factual threads is judicial economy. *RHI Refractories*, 35 CIT at 409, 774 F. Supp. 2d at 1283 (citing *Manuli, USA Inc.,* 11 CIT 272, 277 (1987)).

However, consolidation would not be appropriate where it carries the "potential for an unwieldy or chaotic proceeding." *John S. Connor, Inc. v. United States*, 69 Cust. Ct. 305, 307

(1972). As this Court has noted, a "large number of parties and issues, {where} many of which are not common to all of the cases, weighs against consolidation. The burden of briefing and responding to motions rises disproportionately with the proliferation of parties and issues." *Zenith Elecs. Corp. v. United States*, 15 CIT 539, 540 (1991).

## II.  The Cases Challenge Different Determinations Based on Separate Findings

Notwithstanding BlueScope's statement to the contrary, the three cases do not arise out of "the exact same *single* written agency determination." Motion at 2 (emphasis original). Although contained in the same agency publication, the ITC's affirmative determination in the Australia Case and its negative determination in the Brazil Case are separate injury determinations. *See Hot-Rolled Steel from Australia, Brazil, Japan, Netherlands, Russia, South Korea, Turkey and the United Kingdom,* Inv. Nos. 701-TA-545-546 and 731-TA-1291-1297 (Review), and 731-TA-808 (Fourth Review), USITC Pub. 5380 (November 2022) ("USITC Pub. 5380") at 3. BlueScope's claim that "consolidation of all court appeals challenging the same agency determination is the norm" is inapposite because the Australia Case and Brazil Case are challenging different determinations. Motion at 3. One is an affirmative determination based on cumulated subject imports from seven countries. The other is a negative determination based only on subject imports from Brazil. For the same reason, BlueScope is wrong that the situation here is analogous to petitioner and respondents making opposing arguments concerning the same Department of Commerce dumping margin. *See* Motion at 3. BlueScope is challenging the Commission's affirmative determination in the Australia Case, while Cleveland-Cliffs is challenging the Commission's negative determination in the Brazil Case.

The Commission's central findings providing the basis for the affirmative and negative determinations are separate and do not overlap. The Commission's Views make this apparent.

*See* USITC Pub. 5380 at 67-99 (discussing affirmative injury determination for Australia, Japan, the Netherlands, Russia, South Korea, Turkey, and the United Kingdom); *Id.* at 100-106 (discussing negative injury determination for Brazil).

In addition to the discussions of recurrence of material injury being separate and distinct, the Commission's explanations for exercising its discretion and cumulating subject imports from Australia and declining to do so for subject imports from Brazil are separate. *See* USITC Pub. 5380 at 63-66 (discussing subject imports from Australia, Japan, the Netherlands, Russia, South Korea, Turkey, and the United Kingdom); *Id.* at 60-62 (discussing subject imports from Brazil).

### III.   The Issues in the Australia and Brazil Cases Do Not Overlap

This Court has held that the existence of issues that are not common to the cases, even when the potential cases involved the same proceedings, weighs against consolidation. *See Federal-Mogul Corp. v. United States*, 16 CIT 206, 207, 788 F. Supp. 1223, 1224 (1992) (denying motion to consolidate where, even though the cases were "clearly related," they were "distinct" given that there were only two identical issues out of eleven raised by one plaintiff and nine raised by another); *Zenith Elecs.*, 15 CIT at 540 (denying consolidation when cases involved separate review periods and separate issues).

The issues in the two cases BlueScope seeks to consolidate are not in common. The issues identified in BlueScope's complaint in the Australia Case and Cleveland-Cliffs' complaint in the Brazil Case are unrelated. BlueScope identifies three issues in its appeal in the Australia Case:  Count (1) whether the Commission misapplied the term "likely"; Count (2) whether the Commission abused its discretion by cumulating subject imports from Australia; and Count (3) whether the Commission's affirmative recurrence of material injury determination is supported by substantial evidence and in accordance with the law. *See* Complaint at 5-9, Ct. No. 22-353,

4

ECF No. 8.  Cleveland-Cliffs' claims in the Brazil Case concern: Count (1) whether the Commission abused its discretion by not cumulating subject imports from Brazil; Count (2) whether the Commission's consideration of the section 232 quota for imports from Brazil was supported by substantial evidence and in accordance with the law; Count (3) whether the Commission departed from an agency practice when considering the section 232 quota for imports from Brazil; and Count (4) whether the Commission's negative recurrence of material injury determination for Brazil is supported by substantial evidence and in accordance with the law. *See* Complaint at 8-11, Ct. No. 22-355, ECF No. 9.

Because the claimed issues in the Brazil Case and Australia Case do not overlap, it is not more efficient to consolidate these two cases.  Defendant's opposition to consolidation of these two appeals is not based on plaintiffs making "different arguments" as BlueScope states.  Motion at 3.  Instead, it is based on different determinations being challenged — one negative and one affirmative — and entirely different issues raised in the in the Australia and Brazil Cases.

## IV. The Australia Case and Turkey Case Both Challenge the Same Cumulated Injury Analysis

Unlike the Brazil and Australia Cases, the Commission's affirmative determinations for subject imports from Australia and Turkey[1] are based on an analysis of cumulated subject imports that includes imports from both countries. *See* USITC Pub. 5380 at 63-66 (discussing cumulated subject imports from Australia, Japan, the Netherlands, Russia, South Korea, Turkey, and the United Kingdom).  Plaintiffs' complaints in the Australia Case and Turkey Case challenge the Commission's analysis of recurrence of material injury.  *See* Complaint at Count 3,

---

[1] While the Commission made separate determinations for subject imports from Australia and Turkey, they are based on a single analysis of cumulated imports from the same seven countries.

Ct. No. 22-353, ECF No. 8; Complaint at Count III, Ct. No. 22-351, ECF No. 4.  It is therefore reasonable for the Australia Case and Turkey Case to be consolidated and briefed together, although it is not necessary.

Defendant is not in a position to disagree with BlueScope's comment that it will likely raise different arguments than those advanced by the Turkish respondent Ereğli Demir ve Çelik Fabrikaları T.A.Ş. ("Erdemir").  It is possible that there may be only a few overlapping issues with respect to BlueScope's and Erdemir's challenges to cumulation of subject imports from Australia and Turkey because each plaintiff may choose to focus on different aspects of the affirmative determinations.  Further, if BlueScope does not intend to challenge the cumulated affirmative injury determination and instead limits its arguments to the decision to cumulate, the Commission acknowledges that this understanding could weigh against consolidation of BlueScope's Australia Case with Erdemir's Turkey Case.  In those circumstances, there would be few if any overlapping issues since BlueScope would not be challenging the Commission's cumulated analysis at all.

V.   The Australia and Brazil Cases Have Different Parties

Also weighing against consolidation is that BlueScope is not a party to the Brazil Case and has no interest in the outcome of the case.  Significantly, all six parties in the Brazil Case oppose consolidation of that case with the other two cases.  *See* Joint Status Report at 2, Ct. No. 22-355, ECF No. 38.  The six parties in the Brazil case also have agreed to a different briefing schedule from that proposed and adopted in the other two cases.  *Id.* at 4-5.  BlueScope's proposed consolidation could also prejudice Cleveland-Cliffs and plaintiff-intervenors "by making them both a plaintiff and a defendant in the consolidated case.  This is a situation generally to be avoided."  *Federal-Mogul Corp.*,16 CIT at 207, 788 F. Supp. at 1224

6

(citing *Atkinson v. Roth*, 297 F.2d 570, 575 (3rd Cir. 1961)). That would not be a problem, however, if the Australia and Turkey Cases are consolidated because the same four domestic producers of hot-rolled steel are defendant-intervenors in both cases. Also, all of the parties in both the Turkey and Australia cases have proposed, and the Court has ordered, a briefing schedule that is aligned for those two cases. *See* Ct. No. 22-351, ECF Nos. 40 & 41; Ct. No. 22-353, ECF Nos. 32 & 33. Indeed, as indicated in the joint status report in the Turkey Case, the plaintiff in that case (Erdemir), as well as all other parties to that case, support consolidation of the Turkey Case with the Australia Case. *See* Ct. No. 22-351, ECF No. 40.

## VI. Conclusion

BlueScope has no interest in the Brazil Case, is not a party to the Brazil Case, and has not offered any rationale for consolidation of the Brazil Case with the Australia Case other than its mistaken belief that they challenge the same determination. The cases do not concern the same determination, and the cases raise different issues. Consolidation of the cases is opposed by the parties in the Brazil Case and would unnecessarily complicate briefing. The Commission respectfully requests that the Court deny BlueScope's Motion and not consolidate the Brazil Case with the two other cases.

    Respectfully submitted,

    Dominic L. Bianchi
    General Counsel

    */s/ Andrea C. Casson*
    Andrea C. Casson
    Assistant General Counsel for Litigation

    */s/ Michael K. Haldenstein*
    Michael K. Haldenstein

          Attorney-Advisor
          Office of the General Counsel
          U.S. International Trade Commission
          500 E Street, SW
          Washington, DC 20436
          Telephone: (202) 205-3041
          Facsimile: (202) 205-3111
          michael.haldenstein@usitc.gov

          *Attorneys for Defendant United States International Trade Commission*

Dated: April 25, 2023