United States Court of International Trade
One Federal Plaza
New York, NY 10278



CHAMBERS OF
Gary S. Katzmann
JUDGE

March 20, 2024

Daniel Lewis Porter
Curtis, Mallet-Prevost, Colt & Mosle LLP
1717 Pennsylvania Avenue, NW, Suite 1300
Washington, D.C. 20006

Michael Kenneth Haldenstein
U.S. International Trade Commission
Office of the General Counsel
500 E Street, SW
Washington, D.C. 20436

Stephen P. Vaughn
King & Spalding, LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006

Roger Brian Schagrin
Schagrin Associates
900 Seventh Street, NW, Suite 500
Washington, D.C. 20001

Alan Hayden Price
Wiley Rein, LLP
2050 M Street, NW
Washington, D.C. 20036

Thomas Martin Beline
Cassidy Levy Kent (USA) LLP
900 19th Street, NW, Suite 400
Washington, D.C. 20006

Re:   **BlueScope Steel, Ltd., BlueScope Steel Americas Inc., North Star BlueScope Steel LLC v. United States**
      Court No. 22-00353
      Questions for Oral Argument

Dear Counselors:

Oral argument in this case will be held in the James L. Watson Courthouse on Monday, April 1, 2024, at 1:00 pm. in Courtroom 1. The court has reviewed the parties' briefs and documents and would like counsel to submit answers in writing to the court's questions for oral argument by Thursday, March 28, 2024. The questions should not be construed as suggesting that the court has made any conclusive determinations prior to argument. Parties shall file public and, if necessary, confidential versions of their answers, of not more than 2,000 words.

The oral argument shall be dedicated only to rebuttal arguments to the answers filed by opposing counsel on Monday, March 25, 2024. The court will also permit but not require brief opening statements. Presentations shall not exceed twenty (20) minutes for Plaintiff and twenty

(20) minutes for Defendant and Defendant-Intervenors (such time to divided by them with notification to the case manager on the day of argument).

The argument, if public and not closed, will be recorded and may be made available to the public via the court's website. If you will be requesting a closed argument or portions of the argument, please inform my case manager, Geoffrey Goell, no later than close of business, Monday, March 25, 2024. The court encourages the parties to maintain a public argument, if possible.

I. **Questions for Plaintiffs BlueScope Steel, Ltd., BlueScope Steel Americas Inc., and North Star BlueScope Steel LLC (collectively, "BlueScope")**

1. In its opening brief, BlueScope describes the Commission's "long-standing past practice not to cumulate those subject country producer-exporters that made U.S. investments of the scale pursued by BlueScope." Pls.' Mot. for J. on Agency R. at 2, July 14, 2023, ECF No. 44 ("Pls.' Br."). In its Reply Brief, BlueScope characterizes the purported agency practice as the Commission "declining to cumulate countries when likely conditions of competition are distinct," and that "significant investment in U.S. production … is a distinctive condition of competition that is relevant for the Commission's cumulation analysis." Reply Br. in Supp. Of Mot. For J. on Agency R. at 1, 12, Nov. 21, 2023, ECF No. 52 ("Pls.' Reply").

   a. Do these statements refer to the same agency practice?

   b. How is the court to review the Commission's adherence to agency practice in light of the Commission's "wide latitude" in determining which factors to consider in its cumulation analysis? See Allegheny Ludlum Corp. v. United States, 30 CIT 1995, 2005, 475 F.Supp.2d 1370, 1380 (2006).

   c. Under the agency practice that BlueScope attributes to the Commission, by what standard does (or should) the Commission determine whether an investment in U.S. industry is large enough to influence the Commission's cumulation determination?

2. BlueScope's opening brief cites footnote 396 of the Commission's Views. See Pls.' Br. at 28. That footnote begins as follows: "We note also that BlueScope is not the only subject producer to have substantial investments in hot-rolled steel production in the United States." Hot-Rolled Steel from Australia, Brazil, Japan, Korea, Netherlands, Russia, Turkey, and the United Kingdom, Inv. Nos. 701-TA-545-54 and 731-TA-1291-1297 (Review) and 731-TA-808 (Fourth Review) at 94 n.396, USITC Pub. 5380 (Nov. 2022), P.R. 355 ("Views").

    a. How is the existence of this footnote consistent with the notion that the Commission's conditions-of-competition analysis with respect to Australia "is totally focused on what the Commission presumes BlueScope may be able to do in the U.S. market without bothering to compare the factual record surrounding BlueScope's operations with the very different evidence about the other subject producers"? Pls.' Br. at 29.

    b. Does the Commission's "later conce[ssion]" that Nippon Steel's electric arc furnace "would not be completed until 2023 and thus not operational for some time after that," Pls.' Br. at 28, not comport with the Commission's "stated practice," id. at 17, of focusing "not only on present conditions of competition, but also on likely conditions of competition in the reasonably foreseeable future"? Stainless Steel Wire Rod from Italy, Japan, Korea, Spain, and Taiwan, Inv. Nos. 731-TA-770-773 and 775 (Third Review) at 12, USITC Pub. 4623 (July 2016) ("Stainless Steel Wire Rod").

3. Prior cumulation determinations referencing U.S. investments have involved varying types of relationship between a subject producer and U.S. industry entities. These relationships range from a producer owning a domestic producer as a subsidiary, see Brass Sheet and Strip from France, Germany, Italy, and Japan, Inv. Nos. 731-TA-313, 314, 317, and 379 (Third Review), USITC Pub. 4313 (Apr. 19, 2012), to a parent company's ownership of a foreign producer and a domestic producer, Stainless Steel Plate from Belgium, Italy, Korea, South Africa, and Taiwan, Inv. Nos. 701-TA-379 and 731-TA-788, 790-793 (Second Review), USITC Pub. 4248 at 16 (Aug. 9, 2011). How does this variation in types of affiliation permit an inference that a uniform agency practice exists?

4. The Commission addressed several of BlueScope's contentions regarding their relationship with North Star BlueScope Steel LLC ("North Star"), including BlueScope's ownership of North Star, North Star's capacity and status within U.S. industry, and the veto power held by a BlueScope officer. See Views at 39–40.

    a. Given that the Commission's consideration of these factors, and assuming (hypothetically) that the Commission has an agency practice of the type referenced in Question (1), how did this discussion not adequately explain the Commission's departure from that (hypothetical) agency practice?

    b. BlueScope argues that the Commission could not find simultaneously find that (1) North Star and other producers in the eastern United States would not compete with BlueScope's sales in the western United States and also (2) that BlueScope's sales to Steelscape would impact the U.S. industry. Pls.' Reply at 22. How is this argument not a request that the court to "reweigh the evidence

or substitute its own judgment" for that of the Commission? <u>Allegheny Ludlum Corp.</u>, 30 CIT at 1997, 475 F. Supp. 2d at 1372.

5. The Government argues that in Stainless Steel Wire Rod, the Commission "never even reached the issue of discretionary cumulation at issue" here, "because it was precluded from cumulating imports that were likely to have no discernible adverse impact." Def.'s Br. in Opp'n to Pls.' Mot. for J. on the Agency R. at 23, Oct. 19, 2023, ECF No. 46. What is your response?

6. What cases and authorities best support your argument?

7. Are there any recent or pending Federal Circuit or CIT cases that may affect the court's analysis?

II. **Questions for Defendant the United States ("the Government")**

1. As a general matter, why has the Commission previously considered foreign producers' investments in U.S. industry to be relevant to its cumulation determinations?

2. How would the Commission's express adoption of the established practice(s) that BlueScope describes affect the future actions of foreign producers under investigation?

3. BlueScope argues that argues that the Government's characterization of BlueScope's incentive to compete for or veto U.S. sales "suffers from certain internal flaws and raises inconsistencies with other parts of the Commission's determination." Pls.' Reply at 21. BlueScope also argues that "[i]f it is true that sales on the West Coast do not impact producers further East, such as North Star, then logic dictates that sales by BlueScope's Australia operations to Steelscape would not impact the domestic industry." <u>Id.</u> at 22. What is the Government's response?

4. What cases and authorities best support your argument?

5. Are there any recent or pending Federal Circuit or CIT cases that may affect the court's analysis?

III. **Questions for Defendant-Intervenors Cleveland-Cliffs Inc., et. al.**

1. BlueScope's opening brief cites footnote 396 of the Commission's Views. <u>See</u> Pls.' Br. at 28. That footnote begins as follows: "We note also that BlueScope is not the

only subject producer to have substantial investments in hot-rolled steel production in the United States." Views at 94 n.396.

    a. Does this brief footnote adequately establish a comparison between BlueScope's U.S. investment and other subject importers' for the purpose of the Commission's conditions-of-competition analysis?

2. How might the Commission's express adoption of the established practice(s) that BlueScope describes affect the future actions of foreign producers under investigation?

3. BlueScope argues that the Government's characterization of BlueScope's incentive to compete for or veto U.S. sales "suffers from certain internal flaws and raises inconsistencies with other parts of the Commission's determination." Pls.' Reply at 21. BlueScope also argues that "[i]f it is true that sales on the West Coast do not impact producers further East, such as North Star, then logic dictates that sales by BlueScope's Australia operations to Steelscape would not impact the domestic industry." Id. at 22. What is your response?

4. What cases and authorities best support your argument?

5. Are there any recent or pending Federal Circuit or CIT cases that may affect the court's analysis?

    Sincerely,

    */s/ Gary S. Katzmann*
    Gary S. Katzmann
    Judge